Edward C. KING, Plaintiff–Counter–Defendant–Appellant,

v.

Lawrence A. FOX, Defendant–Counterclaimant–Appellee.

Docket No. 04–0815–CV.

United States Court of Appeals, Second Circuit.

Argued: May 25, 2005.

Decided: July 18, 2006.

Fred R. Profeta, Profeta & Eisenstein, New York, NY, for Plaintiff–Counter–Defendant–Appellant.

Richard M. Maltz, New York, N.Y. (David S. Hammer, on the brief), for Defendant–Counterclaimant–Appellee.

Before CALABRESI and B.D. PARKER, Circuit Judges, and MUKASEY, District Judge.[1]

PER CURIAM.

In an opinion reported at 418 F.3d 121 (2d Cir.2005), familiarity with which is assumed for current purposes, we certified to the New York Court of Appeals the following three questions:

1. Is it possible for a client to ratify an attorney's fee agreement during a period of continuous representation?

2. Is it possible for a client to ratify an attorney's fee agreement during a period of continuous representation if attorney misconduct has occurred during that period? If so, can ratification occur before the attorney has committed the misconduct?

3. Is it possible for a client to ratify an unconscionable attorney's fee agreement?

418 F.3d at 137.

The New York Court of Appeals, in an opinion filed on June 13, 2006, *King v. Fox,*

7 N.Y.3d 181, 818 N.Y.S.2d 833, 851 N.E.2d 1184 (2006), answered all three questions in the affirmative, although it noted that "ratification induced by misconduct would be invalid," 7 N.Y.2d at 191, 818 N.Y.S.2d 833, 851 N.E.2d 1184, and that "it will be a rare case where an unconscionable agreement may be ratified by the client," *id.* at 193, 818 N.Y.S.2d 833, 851 N.E.2d 1184. Accordingly, and because, as the New York Court of Appeals pointed out, the issue of unconscionability must be weighed "in hindsight," *see id.* at 193, 818 N.Y.S.2d 833, 851 N.E.2d 1184, we remand the case to the district court for further proceedings consistent with our earlier opinion and with the opinion of the New York Court of Appeals.

REMANDED.